UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. SCHLAGENHAFT,

      Plaintiff,

      v.                                                Case No. 24-cv-1254-bhl

LIBRARIAN YAHNER, et al.,

      Defendants.

---

## SCREENING ORDER

---

      Plaintiff Michael Schlagenhaft, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 22, 2024, the Court granted Schlagenhaft's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 8. Nevertheless, on December 31, 2024, Schlagenhaft filed a *second* motion for leave to proceed without prepayment of the filing fee. Dkt. No. 10. The Court will deny that motion as moot. This matter comes before the Court for screening of the amended complaint. Dkt. No. 9.

### SCREENING OF THE AMENDED COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Schlagenhaft is an inmate at the Oshkosh Correctional Institution. Dkt. No. 9. Defendants are Security Director Toney Emil, Captain (Cpt.) Matthew LeBouton, Lieutenant (Lt.) Rucinski, Lt. Nikki Schwebke, and Librarian Yahner. *Id*. On June 7, 2024, Librarian Yahner refused to give Schlagenhaft a thumb drive in the institution's library. *Id*. at 2. Librarian Yahner stated that the thumb drive was in "investigative status" and explained "because of your possession of someone

2

else's thumb drive without him being there, I was curious and decided to take a look and see what you were doing." *Id*. Librarian Yahner stated, "it's not even your property." *Id*. Schlagenhaft appears to admit the thumb drive does not belong to him, but he states that due to confiscation of the thumb drive, he no longer has access to his affidavits, evidence, interrogatories, or legal information that was on the thumb drive. *Id*. It has allegedly "slowed and or halted" his pending appellate case. *Id*. On August 2, 2024, Schlagenhaft emailed Lt. Schwebke asking to have the "legal materials" from the thumb drive printed off. *Id*. at 3. Lt. Schwebke allegedly responded, "I will attempt to call you down," but never actually did. *Id*. Schlagenhaft followed up, on August 8, 2024, but he still has not heard back. *Id*. The refusal to print his legal materials has also slowed down his pending appeal. *Id*. For relief, Schlagenhaft seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Schlagenhaft asks to proceed on claims under the First, Sixth, and Fourteenth Amendments. Dkt. No. 9 at 3. The First Amendment right to petition the government for redress of grievances includes the right of access to the courts. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). To state a claim, Schlagenhaft must allege that: (1) prison officials failed to help him prepare and file meaningful legal papers; and (2) he lost a valid legal claim or defense because of the challenged conduct. *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). A prisoner asserting a denial of access to the courts

claim must allege an "actual injury" in the form of interference with a "nonfrivolous legal claim." *Bridges,* 557 F.3d at 553. Reasonable delays and inconvenience in litigating a case do not rise to a constitutional deficiency. *In re Maxy*, 674 F.3d 658, 660–61 (7th Cir. 2012); *Bustillo v. Henman*, 7 F.3d 238 (7th Cir. 1993); *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986).

Schlagenhaft alleges that, contrary to prison policy, he placed his legal materials on another inmate's thumb drive. He states that Librarian Yahner and Lt. Schwebke have not allowed him to access that other inmate's thumb drive while he is in the library; and it is delaying and/or inconveniencing his pending appellate case. Mere delays or inconvenience in litigating a case does not constitute an "actual injury" for purposes of an access to the courts claim. *See Campbell*, 787 F.2d at 229. Therefore, Schlagenhaft fails to state a claim under the First Amendment. Schlagenhaft's remedy is to ask the appellate court for an extension of time to file legal materials in his pending appellate case; it is not to file a §1983 claim to retrieve someone else's property. Schlagenhaft chose to act contrary to prison policy prohibiting inmates from sharing thumb drives. He must bear the consequences of that decision.

Additionally, Sixth Amendment protection is very limited in scope for purposes of §1983. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Indeed, the Sixth Amendment provides a right to counsel in a criminal proceeding and, by extension, protects the confidentiality of communications between an incarcerated defendant and the attorney representing the defendant in the criminal proceeding. *Id*. Consistent with that principle, the Seventh Circuit defines "legal mail" as mail from a lawyer or marked as privileged. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Schlagenhaft alleges that Librarian Yahner also "improperly read [my] legal materials." But Schlagenhaft does not allege that the materials on the thumb drive were from a lawyer or marked as privileged. Additionally, he also does not allege that the improper reading

4

of his "legal materials" caused any prejudice or actual injury. *See* e.g. *Carter v. O'Sullivan*, 124 F.3d 203 (7th Cir. 1997) (noting that Sixth Amendment claims, like First and Fourteenth Amendment claims, require "specific prejudice" to pending or contemplated litigation). Schlagenhaft therefore also fails to state a claim under the Sixth Amendment. *See e.g. Morrison v. Brown Cnty. Jail*, No. 21-CV-1436-PP, 2022 WL 1203042, at *3 (E.D. Wis. Apr. 22, 2022).

Finally, Schlagenhaft also has no Fourteenth Amendment claim for denial of property. As a preliminary matter, the thumb drive does not belong to him. Schlagenhaft cannot sue to retrieve or gain access to someone else's property. Second, even if the thumb drive did belong to him, he has adequate post-deprivation remedies under state law. *Johnson v. Wallich*, 578 F. App'x 601, 602 (7th Cir. 2014) (holding that a plaintiff has no Fourteenth Amendment due process claim for denial of property when there are adequate post-deprivation remedies under state law); *see Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) ("Although [Plaintiff] was deprived of her property under color of state law, there is nothing to suggest that [] tort remedy provided by Wisconsin law fails to satisfy due process."). Therefore, Schlagenhaft also fails to state a denial of property claim under the Fourteenth Amendment.

Schlagenhaft has already amended his complaint once. *See* Dkt. Nos. 1 & 9. The Court finds that additional opportunities to amend the complaint would be futile because he has no actual injury. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (explaining that the Court need not provide an opportunity to amend when amendment would be futile). The Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Schlagenhaft's second motion for leave to proceed without prepayment of the filing fee (Dkt. No. 10) is **DENIED as moot.**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.